CLD-064                                                    NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2614
_____

KWAME T. EDDINGS,
Appellant

v.

ATTORNEY GENERAL OF PENNSYLVANIA;
FAYETTE COUNTY DISTRICT ATTORNEY;
SEAN M. SAMSA, PENNSYLVANIA STATE TROOPER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00999)
Magistrate Judge:  Honorable Cynthia Reed Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 5, 2023
Before:  GREENAWAY, Jr., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: February 7, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kwame T. Eddings, proceeding pro se and in forma pauperis, appeals from the District Court's order granting the defendants' motion to dismiss. We will modify the District Court's judgment and summarily affirm the judgment as modified.

I.

In March 2021, a judge for the Court of Common Pleas for Fayette County, Pennsylvania, issued a search warrant authorizing the search of a residence for drugs and other evidence. The warrant was executed by the Pennsylvania State Police, and, after the search, Eddings was detained in the Fayette County Jail. On the same day, Eddings was charged in the United States District Court for the Western District of Pennsylvania, and a judge of that court issued a warrant for his arrest. Eddings was transferred to federal custody and indicted on one count of possessing crack cocaine and heroin with the intent to distribute.

Eddings filed this pro se action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his arrest and subsequent detention.[1] Specifically, in his complaint, which he later amended, Eddings alleged that his due process and equal protection rights were violated when Sean Samsa, a Pennsylvania State Police trooper, falsified statements in the search warrant, then arrested Eddings without an arrest

---

[1] While his case was pending in the District Court, Eddings pleaded guilty to possession with intent to distribute quantities of crack cocaine and a substance containing heroin and fentanyl in W.D. Pa. Civ. No. 2:21-cr-00141. He was sentenced to 57 months' imprisonment. Eddings has appealed his conviction and sentence to this Court, and the appeal remains pending. See C.A. 22-1833.

warrant. Eddings alleged that Samsa circumvented Pennsylvania judicial procedure by turning Eddings over federal custody, rather than filing a criminal complaint and holding a preliminary arraignment in the Pennsylvania courts. Additionally, Eddings alleged that Richard Bower, the District Attorney for Fayette County, Pennsylvania, falsely imprisoned him, knowing that no arrest warrant or criminal complaint had been filed in state court, then unlawfully relinquished him to federal custody. Eddings also sued the Attorney General of Pennsylvania, Josh Shapiro, related to his responsibility overseeing the Fayette County District Attorney's Office.

All three defendants filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court[2] granted the motions, concluding that Eddings's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). The District Court also denied Eddings's motion for reconsideration. Eddings now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir.

---

[2] The parties consented to have this case adjudicated by a Magistrate Judge, see 28 U.S.C. § 636(c)(1), whom we will refer to as the District Court in this opinion.

2010) (citations and quotation marks omitted). We review the denial of the motion for reconsideration for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

### III.

We agree with the District Court that Eddings's claims of improper arrest and false imprisonment are barred by the favorable termination rule in Heck. "In Heck, the Supreme Court held that a § 1983 suit should be dismissed when a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012) (cleaned up). Eddings was taken into custody by the Pennsylvania State Police on March 17, 2021. On the same day, an arrest warrant was issued by the United States District Court for the Western District of Pennsylvania, and Eddings was transferred to federal custody. Because Eddings was arrested pursuant to legal process, his claims for false arrest and false imprisonment were, in essence, malicious prosecution claims. See Wallace v. Kato, 549 U.S. 384, 390 (2007) (explaining that once an individual is held pursuant to legal process, "unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal

4

process, but by wrongful institution of legal process") (cleaned up). Success on these claims would necessarily imply the invalidity of his conviction. Because Eddings has not shown that his conviction has been set aside, he cannot bring these claims at this time. See, e.g., Curry v. Yachera, 835 F.3d 373, 378–79 (3d Cir. 2016).

Eddings also claimed that the defendants wrongfully circumvented Pennsylvania's judicial process by turning him over to the federal authorities and that the District Court lacked jurisdiction over his case. As above, success on these claims would necessarily imply the invalidity of his conviction. Accordingly, the claims, too, are Heck-barred.

Additionally, Eddings claimed that, in obtaining the search warrant, Samsa falsely asserted that the residence to be searched belonged to Eddings, when it was really leased by someone else.[3] A § 1983 claim alleging a defective search warrant is not categorically barred by Heck. See Heck, 512 U.S. at 487 n.7; Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam). A determination of whether Heck applies requires a case-by-case fact-based inquiry into whether the claim implies the invalidity of the underlying conviction or sentence. See Gibson v. Superintendent, 411 F.3d 427, 447–49 (3d Cir. 2005), overruled on other grounds by Dique v. N.J. State Police, 603 F.3d 181, 182 (3d Cir. 2010).

---

[3] Eddings alleged that this fabrication violated his Fourteenth Amendment rights to due process and equal protection. However, this claim is more appropriately considered under the Fourth Amendment. See Berg v. Cnty. of Allegheny, 219 F.3d 261, 268–69 (3d Cir. 2000).

Even if Eddings succeeded in establishing that Samsa made a false statement about the ownership of the residence, that success would not necessarily imply the invalidity of his conviction, as the statement was not material to the finding of probable cause. See Heck, 512 U.S. at 487 n.7 (explaining that, because of doctrines like harmless error, a successful challenge to the validity of a search would not necessarily imply that the plaintiff's conviction was unlawful). Because success on this claim would not necessarily imply the invalidity of Eddings's conviction, it is not Heck-barred.

However, for the same reasons, Eddings fails to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring, in order to survive a motion to dismiss, factual content that allows a court to draw the reasonable inference that the defendant is liable). A litigant who challenges the validity of a search warrant on the basis that a law enforcement agent submitted a false statement must satisfy the two-part test of Franks v. Delaware, 438 U.S. 154, 155–56 (1978). See Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997). A plaintiff must prove by a preponderance that the agent knowingly and deliberately, or with reckless disregard for the truth, made false statements in applying for a warrant, and that the statements were material or necessary to the finding of probable cause. See id.

The affidavit accompanying the search warrant did not falsely assert the subject property *belonged* to Eddings. Instead, it stated only that Eddings sold drugs from the residence where he was found and that he was an "owner, occupant *or* possessor" (emphasis added) of the premises. The fact that the property was leased to someone else

6

does not prove that the statements in the affidavit were false. And even if the affidavit *had* falsely asserted that the residence belonged to Eddings, this assertion was not material to the finding of probable cause and thus would not invalidate the search warrant. Accordingly, although this claim was not <u>Heck</u>-barred, it was nevertheless subject to dismissal because Eddings did not state a plausible claim for relief.

Finally, the District Court did not abuse its discretion in denying Eddings's motion for reconsideration because Eddings did not present a basis for reconsideration. <u>See</u> <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010).

## IV.

Because no substantial question is presented by this appeal, we will affirm the judgment of the District Court, <u>see</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, but we will modify the judgment to reflect that the defective search warrant claim is dismissed with prejudice, <u>see</u> 28 U.S.C. § 2106; <u>see also, e.g.,</u> <u>Curry</u>, 835 F.3d at 379 (affirming the District Court's judgment but modifying the judgment to reflect that certain claims were dismissed without prejudice).